UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO NAVARRO PEREZ,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Facility Administrator at Otay Mesa Detention Center, San Diego, California, et al.,<br><br>         Respondents. | Case No.: 3:25-cv-02620-RBM-JLB<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

  Pending before the Court is Petitioner Federico Navarro Perez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by the United States Department of Homeland Security ("DHS"). (Doc. 1.) Respondents filed a Return to Habeas Petition ("Response") (Doc. 5) on October 20, 2025, and Petitioner filed a Traverse Supporting Petition for Writ of Habeas Corpus ("Reply") (Doc. 8) on October 23, 2025.

  The Court requires supplemental briefing to resolve the Petition. Petitioner shall file a supplemental brief **on or before October 31, 2025 at 4:30 p.m.** that addresses the following:

  First, whether Petition is entitled to the due process rights of a noncitizen seeking initial entry into the United States or the due process rights of a noncitizen with established

connections in the United States. Noncitizens "seeking initial entry" who are "on the threshold" of entering the Untied States have "only those rights . . . that Congress has provided by statute." *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020). But noncitizens "who have established connections in this country have due process rights in deportation proceedings." *Id.*; *see also Landon v. Plasencia*, 459 U.S. 21, 32 (1982) (noting "once [a noncitizen] gains admission to our country and begins to develop . . . ties" in this country, his "constitutional status changes accordingly" and he has a right to due process").

Second, Petitioner's position on what the Court should consider in determining whether Petitioner has suffered a due process violation if he is subject to the mandatory detention provisions of 8 U.S.C. § 1225(b). *See Kydryali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) (even under § 1225(b), "the majority of courts across the country" have concluded "that an unreasonably prolonged detention . . . without an individualized bond hearing violates due process"); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019); *Gao v. LaRose*, Case No.: 2084-RSH-SBC, 2025 WL 2770633, at *4 (S.D. Cal. Sept. 26, 2025).

Respondents shall file a supplemental brief in response **on or before November 7, 2025 at 4:30 p.m.** The matter will be deemed under submission at that time, and the parties shall await further order from the Court.

**IT IS SO ORDERED.**

DATE: October 29, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE